Date signed December 21, 2005



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| NETCOM TECHNOLOGIES, INC. : | Case No. 03-32325PM |
| : | Chapter 11 |
| Debtor : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |

**MEMORANDUM OF DECISION**

The court has before it the Debtor's objection to Claims No. 73 and 74 filed by Estella M. Lenis and Thomas L. Christison in the amounts of $114,889.70 and $61,879.47, respectively. Both of these claims are based upon sale of corporate stock to the corporation, the balance of the purchase price for which was unpaid at the time of the filing of this bankruptcy case. Under the terms of the Debtor's Restated Plan of Reorganization confirmed by Order of court entered April 7, 2005, all outstanding corporate stock of the Debtor was cancelled, other than stock owned by the Debtor's principal, Roy Rey.

Debtor's objection, filed March 30, 2005, provided:

**Claims 73 and 74**

      69.  Claim 73 was filed by Estella Lenis in the amount of $114,889.70 as a secured Claim.

      70.  Debtor believes this Claim is based upon a stock purchase agreement between Debtor and claimant by which Debtor was repurchasing stock in Debtor.

      71.  All stock interests in Debtor were extinguished under its Plan as confirmed by this Court and shareholders were to receive no distributions. All executory contracts not specifically assumed were rejected under the Plan.

      72.  Claim 74 was filed by Thomas L. Christison in the Amount of $61,879.47 as a secured claim.

      73.  Debtor believes this Claim is based upon a stock purchase agreement between Debtor and claimant by which Debtor was repurchasing stock in Debtor.

      74.  All stock interests in Debtor were extinguished under its Plan as confirmed by this Court and shareholders were to receive no distributions.  All executory contracts not specifically assumed were rejected under the Plan.

      75.  These Claims (73 and 74) were not secured as Wachovia Bank had a first priority secured position which, at the time of Debtor's bankruptcy filing, made any other liens unsecured by Debtor's assets.

      76.  Debtor believes that for the foregoing reasons Claims 73 and 74 should be expunged.

On September 16, 2005, the court entered an Order on the Debtor's Omnibus Objection to Claims sustaining Debtor's objection to the claims other than these two.  The court requested a memorandum to support the objection.  A Supplemental Memorandum was filed September 23, 2005.  The facts are not disputed.  Under the January 4, 2002, Buyout Agreement the securities to be transferred by Lenis and Christison were placed in the hands of a third-party escrow agent with the shares to be released from time to time according to the schedule appearing in paragraph 1.B. of the Buyout Agreement.  Under paragraph 4.B of each of the Agreements the sellers were to execute covenants not to compete.  The court has no reason to believe that such covenants not to compete were not delivered at the time of the closing.

While in the absence of any action by the Debtor a pre-filing lien "rides through" unaffected, here the Plan expressly provided for the treatment of the stock that was the subject of the secured claim, that is, it cancelled the stock, nullifying all rights of ownership.  That does not destroy the underlying claim, the parties acknowledging that the security is worthless.  The court will therefore enter and order overruling the objection to the Claims.

cc:
Linda D. Regenhardt, Esq.
Harlan L. Weiss, Esq.
Estella M. Lenis
Thomas L. Christison
Robert H. Rosenbaum, Esq.
Garry R. Greenblatt, Esq.
James M. Greenan, Esq.
Ryan D. Sullivan, Esq.
Mark W. Bailey, Jr., Esq.
Christopher C. Fogelman, Esq.
Michael Gallerizzo, Esq.
United States Trustee
Aetna U.S. Healthcare
Jennifer Hollenberg, National Collections

**End of Memorandum**